UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>LINDA JAUREGUI,<br><br>                Defendant. | Case No. 4:07-cr-00187-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court are a Motion to Appoint Counsel (Dkt. 416), and Application to Proceed In Forma Pauperis (Dkt. 418) by Defendant Linda Jauregui. On review of the pleadings and being familiar with the record the Court will deny the motions for reasons stated below.

## BACKGROUND

Defendant pleaded guilty before U.S. Magistrate Judge Ronald E. Bush, to one count of conspiracy to distribute methamphetamine in this matter. *Plea Agr.*, Dkt. 309; *Minute Entry*, Dkt. 336. On April 8, 2009, this Court entered an Order adopting Magistrate Judge Bush's findings and recommendations, and thus accepting Defendant's plea of guilty. *Order*, Dkt. 344. On June 25, 2009, Defendant was sentenced by District Judge Brian Ted Stewart, sitting by designation, to 130 months of imprisonment. *Minute Entry*, Dkt. 354. Judgment was entered June 29, 2009. *Judgment*, Dkt. 358.

Defendant first petitioned to proceed in forma pauperis on September 28, 2009, advising the Court that she intends to file a § 2255 motion. *Application*, Dkt. 372. On

October 16, 2009, the Court denied Defendant's petition as premature, but noted that she "may resubmit her motion . . . [i]f and when she files her § 2255 motion." *Order*, Dkt. 380 at 3. Roughly two weeks later, on November 2, 2009, Defendant sent a letter to the Court expressing concern that she had received ineffective assistance of counsel, but essentially requesting a response from the Court as to why Judge Stewart had presided over Defendant's sentencing, rather than the undersigned judge. *Letter*, Dkt. 383.

The Court entered a response dated December 7, 2009, explaining why Defendant's sentencing had been assigned to Judge Stewart, and again advising Defendant – given her apparent concerns about her legal representation in this matter – to file a § 2255 motion listing her claims regarding her conviction or sentence. *Docket Entry*, Dkt. 386. A copy of this response was mailed to Defendant. *Id.* No motion under § 2255 was ever filed. The motions now pending before the Court, neither of which is a petition under § 2255, were filed on February 24, 2012 and March 14, 2012.

## DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act, a Defendant must file a motion challenging his or her conviction or sentence no later than one year from the latest of:

    (1)    the date on which the judgment of conviction becomes final;
    (2)    the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant had 10 days from entry of judgment on June 29, 2009, to file an appeal of that judgment to the Ninth Circuit. No such appeal was filed, and Defendant's conviction therefore became final on July 9, 2009. Accordingly, she had until July 9, 2010 to file a timely § 2255 motion.

There appears to be no grounds to equitably toll the effect of the statute of limitations. Equitable tolling of the statute of limitation is available only when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997); *see also Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)(equitable tolling is appropriate only "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim"). No extraordinary circumstances have been presented. And importantly, no § 2255 motion has yet been filed.

It appears from the record that a § 2255 petition, if filed from this point forward, would be time barred under the statute. Although Defendant filed apparent notices of intent to file a § 2255, these notices alone fail to satisfy the stringent requirement for equitable tolling. The Court twice advised Defendant of the need to file a § 2255 motion, going so far as to explain that such motion should identify her claims. Despite this prompting, Defendant failed to timely and properly file a motion under § 2255. There

being no pending § 2255 motion, the Court will therefore deny Defendant's Motions for Appointment of Counsel and to Proceed In Forma Pauperis. The Court further notes that, based on the foregoing analysis, any future motion pursuant to § 2255 will be denied absent extraordinary circumstances described above.

## ORDER

**IT IS ORDERED THAT:**

1. Defendant's Motion for Appointment of Counsel (Dkt. 416) is DENIED.

2. Defendant's Motion to Proceed In Forma Pauperis (Dkt. 418) is DENIED.

DATED: April 23, 2012

B. Lynn Winmill
Chief Judge
United States District Court